J-S86032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRAVIS JOHN HALLAM | |
| Appellant | No. 701 WDA 2016 |

Appeal from the Judgment of Sentence May 5, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000057-2016

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                     **FILED NOVEMBER 23, 2016**

Appellant, Travis John Hallam, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for aggravated assault and simple assault, and his bench trial conviction for summary harassment.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts of this case as follows:

> On February 11, 2015, at around 10:00 p.m., [Victim] received a Facebook message from Waylon Muniz, a recently reconnected childhood friend, asking for a ride from Bentleyville to Centerville.  When [Victim] arrived in Bentleyville, [Mr.] Muniz was waiting with Appellant….  [Mr.] Muniz sat in [Victim's] passenger seat and Appellant

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4); 2701(a)(1); 2709(a)(1), respectively.

---

*Former Justice specially assigned to the Superior Court.

entered the backseat when [Mr.] Muniz changed the destination from Centerville to Brownsville. [Victim] took the men to two locations in Brownsville. At the second location, [Mr.] Muniz and Appellant exited the vehicle and met people parked in another car nearby. [Mr.] Muniz and Appellant returned to [Victim's] vehicle, entering the same seats, and asked to be returned to the first location. [Victim] became frustrated driving the men around and said he would never do anything like this for them again. At that point, [Victim] felt an object hit the back of his head and Appellant said[,] "don't fuckin' move."

According to [Victim], his "natural instinct" was to fight back by knocking whatever Appellant had in his hand down and then fighting to contain Appellant. [Mr.] Muniz pulled the keys from the ignition, locked the door, and then began to choke [Victim]. [Victim] attempted to exit, but the door was locked and he began to be struck in the head a few times. [Victim] identified Commonwealth Exhibit 1— namely, a .22 Ruger revolver, as being the item he was struck in the head with by Appellant. [Victim] sustained two lacerations to the back of his head, felt a headache for five days, and described the pain as a nine out of ten.

All of the men exited the vehicle and [Victim] was going towards [Mr.] Muniz when [Mr.] Muniz asked Appellant for "the piece." Appellant threw a punch at [Victim] and missed when [Victim] pulled a pocketknife from his pocket and struck Appellant. [Victim] screamed for a bystander about one hundred yards away to call the police which caused Appellant and [Mr.] Muniz to run away. [Victim] screamed at [Mr.] Muniz for his keys, [Mr.] Muniz responded they were on the floor, and [Victim] was able to leave the scene. When questioned by Pennsylvania State Police Officer Joseph Timms, [Victim] directed the police to the wooded area where [Mr.] Muniz and Appellant ran and the police recovered the gun in that area.

(Trial Court Opinion, filed June 13, 2016, at 2-3) (internal citations omitted).

Procedurally, the Commonwealth charged Appellant with aggravated assault, simple assault, three counts of robbery, theft, and summary

harassment. Appellant proceeded to a jury trial on April 4, 2016. On April 5, 2016, the jury convicted Appellant of aggravated assault and simple assault; the court convicted Appellant of summary harassment. The jury found Appellant not guilty on the remaining charges. The court sentenced Appellant on May 5, 2016, to an aggregate term of twenty-four (24) to forty-eight (48) months' imprisonment. Appellant timely filed post-sentence motions challenging the weight of the evidence on May 6, 2016, which the court denied on May 9, 2016. Appellant timely filed a notice of appeal on May 12, 2016. On May 20, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on June 2, 2016.

Appellant raises two issues for our review:

> WHETHER THE COURT ERRED BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL WHEN THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE?

> WHETHER THE COURT ERRED BY FAILING TO STRIKE THE UNSOLICITED COMMENT MADE BY THE ALLEGED VICTIM…DURING CROSS-EXAMINATION THAT HE WAS TOLD NOT TO CALL 911?

(Appellant's Brief at 3).

When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we

> may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings."

*Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Additionally, the standard of review of a trial court's admission or exclusion of evidence is well established and very narrow:

> Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1185-86 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (internal citations and quotation marks omitted). Further, "[t]o constitute reversible error, an

evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***Commonwealth v. Robertson***, 874 A.2d 1200, 1209 (Pa.Super. 2005) (internal citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Nancy D. Vernon, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion at 3-6) (finding: **(1)** jury's verdict is consistent with evidence presented at trial; jury credited Victim's testimony; as verdict was not contrary to evidence it does not shock one's sense of justice; verdict was not against weight of evidence, so court properly denied Appellant's motion for new trial; **(2)** during cross-examination of Victim, **defense counsel** elicited testimony from Victim that he did not call 911 when he got home on evening in question because "[he] was told not to"; Appellant fails to explain how he was prejudiced by Victim's response; defense counsel elicited response, and Victim did not attribute statement as coming from any identifiable source; Appellant cannot show abuse of discretion or prejudice). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/2016

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| vs. | : | |
| | : | |
| TRAVIS JOHN HALLAM, | : | |
| | : | |
| Appellant. | : | No. 57 of 2016 |

## **OPINION IN SUPPORT OF JURY VERDICT**

VERNON, J.

June 13, 2016

Following a trial by jury, Appellant, Travis John Hallam, was found guilty of Aggravated Assault,[1] Simple Assault,[2] and Harassment[3]. Appellant was acquitted on the charges of Robbery – Threat Immediate Serious Injury, Robby of Motor Vehicle, Robbery – Inflict or Threaten Immediate Bodily Injury, and Theft by Unlawful Taking.

Thereafter, the Appellant was sentenced to a term of incarceration of twenty-four (24) to forty-eight (48) months. Appellant has appealed to the Superior Court and this Opinion is in support of the jury verdict and sentence imposed.

On appeal, the Appellant raises two issues:

(1) Whether the Court erred by denying Defendant's Motion for a New Trial when the verdict was against the weight of the evidence?

(2) Whether the court erred by failing to strike the unsolicited comment made by the alleged victim, Jacob Sherman, during cross-examination that he was told not to call 911?

---

[1] 18 Pa.C.S.A. §2702(A)(4)
[2] 18 Pa.C.S.A. §2701(A)(1)
[3] 18 Pa.C.S.A. §2709(A)(1)

- 1 -

## STATEMENT OF THE CASE

On February 11, 2015, at around 10:00 p.m., Jacob Sherman received a Facebook message from Waylon Muniz, a recently reconnected childhood friend, asking for a ride from Bentleyville to Centerville. N.T., 4/4-5/2016, at 18-20. When Sherman arrived in Bentleyville, Muniz was waiting with Appellant, Travis John Hallam. *Id.* at 23. Muniz sat in Sherman's passenger seat and Appellant entered the backseat when Muniz changed the destination from Centerville to Brownsville. *Id.* at 23-24. Sherman took the men to two locations in Brownsville. *Id.* at 25-27. At the second location, Muniz and Appellant exited the vehicle and met people parked in another car nearby. *Id.* at 27. Muniz and Appellant returned to Sherman's vehicle, entering the same seats, and asked to be returned to the first location. *Id.* Sherman became frustrated driving the men around and said he would never do anything like this for them again. *Id.* at 28. At that point, Sherman felt an object hit the back of his head and Appellant said "don't fuckin' move." *Id.*

According to Sherman, his "natural instinct" was to fight back by knocking whatever Appellant had in his hand down and then fighting to contain Appellant. *Id.* at 29. Muniz pulled the keys from the ignition, locked the door, and then began to choke Sherman. *Id.* Sherman attempted to exit, but the door was locked and he began to be struck in the head a few times. *Id.* Sherman identified Commonwealth Exhibit 1 — namely, a .22 Ruger revolver, as being the item he was struck in the head with by Appellant. *Id.* at 30. Sherman sustained two lacerations to the back of his head, felt a

- 2 -

headache for five days, and described the pain as a nine out of ten. *Id.* at 31-33; see also, Exhibit 2.

All of the men exited the vehicle and Sherman was going towards Muniz when Muniz asked Appellant for "the piece." *Id.* at 33. Appellant threw a punch at Sherman and missed when Sherman pulled a pocket knife from his pocket and struck Appellant. *Id.* at 35. Sherman screamed for a bystander about one hundred yards away to call the police which caused Appellant and Muniz to run away. *Id.* at 35. Sherman screamed at Muniz for his keys, Muniz responded they were on the floor, and Sherman was able to leave the scene. *Id.* at 36. When questioned by Pennsylvania State Police Officer Joseph Timms, Sherman directed the police to the wooded area where Muniz and Appellant ran and the police recovered the gun in that area. *Id.* at 36.

## DISCUSSION

Appellant first alleges that the verdict was against the weight of the evidence and that the Court erred in denying his Motion for a New Trial. A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Cousar*, 928 A.2d 1025 (Pa. 2007). A motion for new trial on the grounds that verdict is contrary to weight of evidence should not be granted because of mere conflict in testimony or because the judge, on the same facts, would have arrived at a different conclusion. *Commonwealth v. Smith*, 853 A.2d 1020 (Pa.Super. 2004). The trial court, in the exercise of its discretion, may award a new trial on the basis that the verdict is against the weight of the evidence if the verdict is so

contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Washington*, 825 A.2d 1264, (Pa.Super. 2003).

With regard to a motion for a new trial on the ground that the verdict is contrary to the weight of the evidence, the trial judge does not sit as the 13th juror, but rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001). The jury, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence. *Id.* A new trial should not be granted because of a mere conflict in testimony or because the judge on the same facts would have arrived at a different conclusion. *Id.*

A Motion for New Trial on the grounds that the verdict is contrary to the weight of the evidence "concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000). Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict rendered is so contrary to the evidence received as to shock one's sense of justice such that right must be given another opportunity to prevail. *Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa.Super. 1997).

- 4 -

We have set forth the testimony offered at trial, *supra*. The verdict rendered by the jury, a conviction on the charges of aggravated assault and simple assault, but acquittals on the charges of robbery and theft, is consistent with the evidence presented at trial. The testimony adduced at trial had no conflicts. The jury believed the testimony of Jacob Sherman, finding his statements to be credible. The verdict rendered by the jury was not contrary to the evidence it received, and does not shock one's sense of justice. As, the verdicts were not against the weight of the evidence, this Court did not err in denying the Motion for New Trial, and this issue is without merit.

In Appellant's second issue, he alleges that the Court erred in failing to strike the unsolicited comment made by Jacob Sherman during cross-examination that he was told not to call 911.

On cross-examination of Jacob Sherman, defense counsel elicited the following exchange:

Q:    An when you got home you never called the police?
A:    No, sir.
Q:    You never called 911?
A:    No, sir, I was told not to.

N.T., 4/4-5/2016, at 51.

Appellant fails to make any allegation as to how he was prejudiced by the response of Jacob Sherman stating that he was told not to call 911. Appellant's counsel elicited the testimony. Jacob Sherman did not attribute the statement as coming from any identifiable source. Because Appellant cannot show either an abuse of discretion or a

- 5 -

showing of actual prejudice, this Court's overruling of the hearsay objection should not be disturbed.

WHEREFORE, it is respectfully submitted that the appeal should be denied.

BY THE COURT:

_____Vernon_____ J.

NANCY D. VERNON, JUDGE

ATTEST:

_____
CLERK

FILED

2016 JUN 13 AM 10: 10

JANICE SNYDER
FAYETTE COUNTY
CLERK OF COURTS

6-14-16  10:30
DIST/DATE

REF_____
DA____/____
PO____/____
RD_____
WARD____/____
SHER_____
CA____/____
ATTY Natale-1
SC_____
BKG.CTR_____
PR.SLV.CRT.____
F.C. BAR - 2

- 6 -